IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| ANTHONY PRESCOTT | § | |
| VS. | § | CIVIL ACTION NO. 6:24cv058 |
| TIARA HICKS, et al. | § | |

<u>REPORT AND RECOMMENDATION</u>
<u>OF THE UNITED STATES MAGISTRATE JUDGE</u>

Plaintiff, a former inmate of the Texas Department of Criminal Justice proceeding *pro se* and *in forma pauperis*, brought this civil action complaining of alleged violations of his rights in prison pursuant to 42 U.S.C. § 1983. The case was transferred to this Court for proper venue and referred to the undersigned for findings of fact, conclusions of law, and recommendations for the disposition of the case.

On February 26, 2024, the Court gave Plaintiff thirty days to file an amended complaint to cure deficiencies identified in the original pleading. (Dkt. #5.) The Order expressly cautioned that failure to comply could result in dismissal. (*Id.* at 4.) Plaintiff objected to that Order, and the Court overruled his objection on April 8, 2024. (Dkt. #10.) On May 1, 2024, the Court granted Plaintiff an extension of twenty-one days from entry of the Order to amend his complaint and reminded him that failure to comply could result in dismissal. (Dkt. #12.)

Plaintiff received that Order sometime before May 10, 2024, in plenty of time to comply. (Dkt. #13.) But he waited until May 30, 2024, more than a week after the expiration of his deadline, to mail yet another motion for extension of time. (Dkt. #14.) Plaintiff does not acknowledge his lateness or address the criteria for seeking an extension out of time. Specifically, after the time to act has expired, the Court should only extend the time for good cause and "if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B).

Plaintiff asserts that "[i]t was only recently that [he] was able to engage with an attorney" about his case and that the attorney is still gathering information. (Dkt. #14 at 2.) He pledges that either he or the unnamed attorney will appear with an amended complaint or other notice by July 1, 2024. (*Id.* at 3.) But he offers no reason for why he has waited until now to seek an attorney's assistance after he filed suit in February and was first ordered to amend his complaint on February 26, 2024.

Plaintiff does assert that his efforts have been slowed by "a long standing campaign" targeting him, which includes unnamed assailants breaking into his home and poisoning him by putting chemical detergents in his beverages, and that such attacks happen more frequently around his court filings. (*Id.* at 2.) The Court cannot credit such factually implausible claims. And Plaintiff offers no other basis to justify his lateness.

A district court may dismiss an action for the failure of a litigant to prosecute or to comply with any order of the court. Fed. R. Civ. P. 41(b); *see also McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) ("The court possesses the inherent authority to dismiss the action sua sponte, without motion by a defendant."). Dismissal with prejudice for failure to comply with a court order is an extreme sanction that should be employed only when "the plaintiff's conduct has threatened the integrity of the judicial process [in a way that] leav[es] the Court no choice but to deny that plaintiff its benefit." *McNeal v. Papasan*, 842 F.2d 787, 790 (5th Cir. 1988) (citing *Rogers v. Kroger Co.*, 669 F.2d 317, 321 (5th Cir. 1982)). A court should consider lesser sanctions, such as fines, costs, damages, conditional dismissals, and dismissal without prejudice, among other lesser measures, prior to dismissing an action with prejudice. *McNeal*, 842 F.2d at 793.

Here, Plaintiff's failure to comply with the Court's orders is not an action that threatens the judicial process—thereby rendering a dismissal with prejudice unwarranted. Therefore, upon consideration of all relevant factors, the Court has determined that the interests of justice are best served by a dismissal of this case without prejudice.

<u>RECOMMENDATION</u>

Accordingly, the undersigned recommends that Plaintiff's untimely motion for extension (Dkt. #14) be denied and this action be dismissed without prejudice for Plaintiff's failure to comply with an order of the Court and failure to take the steps necessary to prosecute this case.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

So ORDERED and SIGNED this 5th day of June, 2024.

K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE