IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| ANTHONY PRESCOTT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 6:24-cv-058-JDK-KNM |
| | § | |
| TIARA HICKS, et al., | § | |
| | § | |
| Defendants. | § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Plaintiff, a former prisoner of the Texas Department of Criminal Justice proceeding pro se, filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983, which was transferred to this Court for proper venue. The case was referred to United States Magistrate Judge K. Nicole Mitchell for findings of fact, conclusions of law, and recommendations for disposition, and Plaintiff has been granted leave to proceed *in forma pauperis*.

On February 26, 2024, the Magistrate Judge gave Plaintiff thirty days to file an amended complaint in compliance with the applicable Federal Rules of Civil Procedure and this Court's page limitation on pleadings. Docket No. 5. United States Postal Service (USPS) tracking of the mailing to Plaintiff containing that order establishes that it was delivered to an individual at Plaintiff's address on February 29, 2024. *See* USPS Tracking for # 7020-1810-0000-1090-9644, available at https://tools.usps.com/go/TrackConfirmAction?tRef=fullpage&tLc=2&text28777=&tLabels=7020-1810-0000-1090-9644%2C&tABt=true (last visited Jun. 25, 2024).

Plaintiff objected to that order in an undated filing postmarked March 21 and received by the Court on March 25, 2024. Docket No. 7. The Court overruled his objection on April 8, 2024, and on April 25, 2024, Plaintiff requested an extension of time to comply. Docket Nos. 10, 11. The Court granted Plaintiff a twenty-one day extension on May 1, 2024, and USPS tracking records establish that this order was picked up at the post office on May 7, 2024. *See* USPS Tracking for # 7020 1810 0000 1090 6117, available at https://tools.usps.com/go/TrackConfirmAction?tRef=fullpage&tLc=2&text28777=&tLabels=70201810000010906117%2C&tABt=true (last visited Jun. 25, 2024). On June 3, 2024, after his previous extension had expired, Plaintiff filed another motion for extension to amend his complaint. Docket No. 14.

On June 5, 2024, the Magistrate Judge issued a Report and Recommendation recommending that the case be dismissed for failure to comply with the Court's order to file a compliant amended complaint. Docket No. 15. Plaintiff timely filed a written objection to the Report. Docket No. 18.

The Court reviews the findings and conclusions of a Magistrate Judge de novo if a party objects within fourteen days of service of the Report and Recommendation. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

In his objection, Plaintiff states that he still needs thirty more days to file an amended complaint and blames his delay thus far on two factors: untimely receipt of the Court's orders and ongoing "attacks by [ ] governmental agencies," including breaking into his home and poisoning his food. Docket No. 18 at 2. But the clear timeline of events described above, including the USPS tracking records establishing Plaintiff's timely receipt of the Court's orders, belies Plaintiff's effort to blame mail delivery for his delays. And his outlandish claims about ongoing attacks by "governmental agencies" that are delaying his work in some unspecified way is not worthy of credit. It is clear, therefore, that Plaintiff has been on notice for approximately four months of the need to file an amended complaint, which is a basic task that should not require a great deal of time or resources to accomplish, and that he has failed to do without justification. He has been warned at each step that failure to comply could result in dismissal. Docket No. 5 at 4; Docket No. 12 at 1. And he has failed to establish the excusable neglect that would justify further extension after allowing his previous deadline to pass without action. Further delay is not warranted by the record in this case.

Having reviewed the record and Plaintiff's objections de novo, the Court concludes that the objections are without merit and that the findings and conclusions of the Magistrate Judge are correct. Accordingly, the Court hereby **OVERRULES** Plaintiff's objections and **ADOPTS** the Report and Recommendation of the United States Magistrate Judge (Docket No. 15) as the findings of this Court. It is therefore **ORDERED** that this case is **DISMISSED** without prejudice for failure to comply with the Court's order and failure to take the steps necessary to prosecute this case.

*See* Fed. R. Civ. P. 41(b) (authorizing involuntary dismissal for failure to comply with a court order). All pending motions are **DENIED** as moot.

Because Plaintiff's complaint includes events dating from 2018 to 2022, the statute of limitations for the claims in this action is hereby suspended for sixty days from the entry of judgment, to the extent that Plaintiff's claims were not already untimely at the time he filed suit. *See Campbell v. Wilkinson*, 988 F.3d 798, 801 n.1 (5th Cir. 2021) (explaining that "[w]here further litigation of [a] claim will be time-barred, a dismissal without prejudice is no less severe a sanction than a dismissal with prejudice, and the same standard of review is used"). Such suspension does not affect any claims for which the limitations period had already expired at the time that the present lawsuit was filed; those claims would remain barred regardless of any suspension of the limitations period.

So **ORDERED** and **SIGNED** this **27th** day of **June, 2024.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE